IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KEENAN K. COFIELD, #405938 | * |
| v. | * CIVIL ACTION NO. CCB-13-3105 |
| MARYLAND PAROLE COMMISSION | * |
| MARYLAND DOC SECRETARY GARY D. MAYNARD | * |
| DAVID R. BLUMBURG, CHAIRMAN, MARYLAND PAROLE COMM. | * |
| JOHN DOE | |
| JANE DOE | * |

*****

MEMORANDUM

On October 17, 2013, the court received for filing this petition filed under the All Writs Act, 28 U.S.C. § 1651, from petitioner, who is currently confined at the Eastern Correctional Institution ("ECI"). Petitioner claims inmates receive notifications from the Maryland Parole Commission ("Commission") that contain "false, incorrect, misleading and inaccurate information" regarding their eligibility for a parole hearing. (Petition, ECF No. 1, at 8). Affording the petitioner's self-represented complaint generous interpretation, it appears petitioner was served with notice that he was eligible for a parole hearing in April of 2013, but when he went before the Commission that April, the hearing officer said that he could not recommend parole because petitioner had not yet served the minimum one-quarter of his ten-year sentence. (*Id.*). Petitioner claims the hearing officer recommended a rehearing ("parole set-off") for April of 2014, which the Commission adopted. (*Id.* at 7-8).

Petitioner alleges the Commission engages in "arbitrary and capricious [behavior] when they, in violation of its own guidelines, policy, regulations, statutes and laws" give inmates

notice that they are eligible for a parole hearing and then deny them parole because they do not meet the minimum guidelines for scheduling a hearing. (*Id.* at 9). In sum, he contends that he was given a parole hearing six months too early. Petitioner seeks to enjoin the Commission from holding hearings before an inmate's presumptive parole hearing eligibility date, declare his parole hearing decision invalid and violative of his liberty interests, and void the parole rehearing determination. (*Id.* at 10). Petitioner's motion for leave to proceed in forma pauperis, (ECF No. 2), shall be granted. His petition shall, however, be dismissed without requiring service on respondents.

To the extent petitioner is asking this court to enjoin the Commission from taking or to order it to take action regarding scheduling of parole hearings, the court has no authority to do so under its mandamus power. *See AT & T Wireless PCS, Inc. v. Winston-Salem Zoning Bd. of Adjustment*, 172 F.3d 307, 312 n. 3 (4th Cir. 1999); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969).

Further, the court finds no constitutional violation arising from the alleged scheduling of petitioner's parole hearing prior to his eligibility date. It is well-settled that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).[1] In addition, recognizing that "[i]f parole determinations are encumbered by

---

[1] Petitioner seeks to bring the action on behalf of himself and all other inmates in like circumstances. Petitioner must prove that he has met the requirements of numerosity, commonality, typicality, and adequacy of representation. *See* Fed. R. Civ. P. 23(a). A class action can be maintained only if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Self-represented litigants are not favored as representative parties in a class action, as they generally cannot represent and protect the interests of the class fairly and adequately. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("it is plain error to permit [an] imprisoned litigant who is

procedures that states regard as burdensome and unwarranted, [states] may abandon or curtail parole," *Greenholtz,* 442 U.S. at 13, federal courts tread lightly in cases dealing with state parole, and defer to state agencies applying state law, *see Vann v. Angelone*, 73 F.3d 519, 521–22 (4th Cir. 1996). This circuit has previously determined that a Maryland inmate has no colorable liberty interest in parole release or in a parole rehearing. *See Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988); *Paoli v. Lally*, 812 F.2d 1489, 1493-94 (4th Cir. 1987).

This circuit has, however, held that in certain limited circumstances a prisoner may raise a claim of constitutional magnitude where he alleges that: (1) information is in his parole file; (2) the information is false; and (3) the information is relied on to a constitutionally significant degree. *Paine v. Baker*, 595 F.2d 197, 201 (4th Cir. 1979).[2] As a jurisdictional predicate, an inmate who believes that his or her file contains false information must notify prison authorities in writing, specifying the information he believes is false and the true facts. *Id.* at 203. Prison officials will then be given a reasonable time to respond to the notice. *Id.* A federal action may lie if prison officials fail to respond to the inmate's complaint within a reasonable period of time or if officials find the challenged information in the file, but argue that the information is correct. *Id*. Petitioner has not alleged that there were any factual errors associated with the information

---

unassisted by counsel to represent his fellow inmates in a class action."). Class certification shall be denied.

[2] The requirement of reliance to a constitutionally significant degree has two dimensions. First, the court must examine the nature of the adverse administrative decision made on the basis of erroneous information, i.e., whether it impacts a colorable liberty interest. *Paine*, 595 F.2d at 202. Second, the court shall review the nature of the false information. *Id.* If the error is more significant than a mere technicality—for example, an error involving the inmate's past criminal record or his record of disciplinary offenses while in prison—"then it may reasonably be relied on and fundamental fairness requires its expunction." *Id.*

in his parole file. Therefore, he has failed to articulate a violation of a constitutional right and the petition shall be dismissed by separate Order.


Date: November 8, 2013.                    _____/s/_____
                                           Catherine C. Blake
                                           United States District Judge